UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER KOHN,<br><br>         Plaintiff,<br><br>   v.<br><br>ANTHONY ESPOSITO and AMY ROTH GOSIN,<br><br>         Defendants. | **MEMORANDUM AND ORDER TO SHOW CAUSE**<br><br>19-CV-2163 (LDH) (VMS) |

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

  Plaintiff Peter Kohn brings the instant action against Defendant Anthony Esposito and Amy Roth Gosin[1] for a declaratory judgment as to the existence of a partnership agreement between the parties. Plaintiff also moves for rescission of the Partnership Agreement. Defendant Esposito moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the case in its entirety. Plaintiff cross moves for leave to file a second amended complaint.

## BACKGROUND[2]

  On March 11, 1994, Plaintiff purchased a condominium unit located in Queens, New York (the "Property"). (Am. Compl. ¶ 7, ECF No. 14.) By deed dated August 24, 1998, Plaintiff conveyed an 80% interest in the Property to himself, and a 20% interest in the Property to Amy Gosin, as tenants in common. (*Id.* ¶ 15.) Unbeknownst to Plaintiff, by deed dated March 1, 2006, Gosin conveyed her 20% interest in the Property to Defendant Anthony Esposito,

---

[1] The Court notes that, while served, Gosin has not appeared in this action, nor does Plaintiff seek default judgment against her.

[2] The following facts are taken from the amended complaint and are assumed to be true for the purpose of this memorandum and order.

as a tenant in common (the "Assignment Agreement").  (*Id*. ¶ 16.)  Plaintiff learned Gosin transferred her interest in the property to Defendant Esposito in 2017.  (*Id*. ¶ 19.)

Also in 2017, Defendant Esposito produced an agreement, dated June 10, 1998, between Plaintiff and Gosin, providing that Gosin would receive 49% of the profit from the sale of the Property, as defined in the agreement (the "Partnership Agreement").  (*Id*. ¶ 20.)  Although the Partnership Agreement purports to contain Plaintiff's signature, Plaintiff alleges that he never signed the Partnership Agreement or any other document altering the ownership interest or other rights of Gosin in the Property as a tenant in common.  (*Id*. ¶¶ 9-12, 21.)  Rather, the signature on the Partnership Agreement is a forgery.  (*Id*. ¶ 10.)  Further unbeknownst to Plaintiff, Gosin assigned to Defendant Esposito "any and all Rights [sic] by which [Gosin] . . . [is] entitled to by [the aforesaid Partnership Agreement]" by an assignment of partnership rights, dated March 1, 2006.  (*Id*. ¶ 16-17. (alterations in original)).

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true."  *Id*. (citations omitted).

2

**DISCUSSION**

I. **Plaintiff's Rescission Claim**

Defendant moves to dismiss Plaintiff's rescission claim as untimely. Specifically, Defendant argues that Plaintiff filed this claim twenty-one years after the execution of the Partnership Agreement, and "more than fourteen years after he became aware of Defendant Esposito's interest in the property," and as such, the claim is time-barred. (Def.'s Mem. L. Supp. Mot. Dismiss Am. Compl. ("Def's. Mem.") 7, ECF No. 33-1.) The Court disagrees.

Under New York law, a claim for rescission based on actual fraud is governed by the statute of limitations for claims based on fraud. *Certain Underwriters at Lloyd's v. Milberg LLP*, 2009 WL 3241489, at *5 (S.D.N.Y.2009) (citing *Abbate v. Abbate*, 82 A.D.2d 368, 441 N.Y.S.2d 506 (N.Y. App. Div. 1981)). Accordingly, under the New York Civil Practice Law and Rules ("C.P.L.R.") § 213(8), for an action based upon fraud, "the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." C.P.L.R. § 213(8). Under New York law, "an inquiry as to the time that a plaintiff could, with reasonable diligence, have discovered the fraud is a mixed question of law and fact . . . and turns upon whether a person of ordinary intelligence possessed knowledge of facts from which the fraud could be reasonably inferred." *Ghandour v. Shearson Lehman Bros. Inc.*, 213 A.D.2d 304, 305–06, 624 N.Y.S.2d 390, 392 (1995) (internal citations omitted).

Here, Defendant argues that Plaintiff was aware, or should have been aware with reasonable diligence, of Defendant Esposito's interest in the property in 2005. (Def.'s Mem. 9.) As such, pursuant to C.P.L.R. § 213(8), Plaintiff's time to allege fraud would have expired in 2011. (*Id.*) In making this argument, Defendant directs the Court to documentary evidence,

3

including correspondence between Plaintiff's former attorney and Defendant Esposito, which cannot properly be considered by the Court at this stage as it is not incorporated into the amended complaint by reference, nor judicially noticeable. *Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider only the facts alleged in the pleadings, documents attached . . . or incorporated by reference in the pleadings, and matters of which judicial notice may be taken." (internal quotation omitted)). The amended complaint alleges that Plaintiff became aware of the Partnership Agreement at some point in 2017 and this action was commenced April 12, 2019. (Am. Compl. ¶ 20; Compl., ECF No. 1.) Accepting those allegations as true, the Court cannot conclude that this action was commenced outside the applicable limitations period. Accordingly, Defendant's motion to dismiss the rescission claim as untimely fails.

All that said, the gravamen of Plaintiff's amended complaint is that Plaintiff did not enter into the Partnership Agreement as the signature on the Partnership Agreement is a forgery. (*See generally* Compl.) However, any claim for rescission necessarily presumes the existence of a contract. Indeed, the goal of rescission "is to put the parties back in the same position they were in prior to the making of the contract." *We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F. Supp. 3d 396, 413 (S.D.N.Y. 2016) (citing *Holdeen v. Rinaldo,* 28 A.D.2d 947, 281 N.Y.S.2d 657, 661 (N.Y. App. Div. 1967)). Accordingly, "under New York law, a plaintiff may obtain rescission—in lieu of actual damages—when a breach of contract is either material and willful or so substantial and fundamental that it strongly tend[s] to defeat the purpose of the contract." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 227 (2d Cir. 2017) (internal quotations omitted). "Rescission may also be available where a party shows fraud in the inducement of the contract; failure of consideration; [or] an inability to perform the contract after

4

it is made*."* *CCR Int'l, Inc. v. Elias Grp.*, LLC, No. 15 CIV. 6563 (PAE), 2020 WL 7629325, at *14 (S.D.N.Y. Dec. 22, 2020) (internal quotations omitted). Here, Plaintiff does not attempt to establish he is entitled to rescission on any of these grounds nor could he in the face of allegations that no contract between the parties existed. Plaintiff's claim for rescission is dismissed.

## II. Plaintiff's Declaratory Judgment Claim

Plaintiff seeks a declaratory judgment that the Partnership Agreement is unenforceable and void *nunc pro tunc*. (Compl. ¶ 28.) However, it is not apparent to the Court that declaratory relief is available here. That is, declaratory judgments may only be granted once a court satisfies itself that the matter presents an actual case or controversy. *Century Sur. Co. v. Odyssey Mech. Corp.*, No. 09-cv-1040, 2011 WL 4529637, at *3 (E.D.N.Y. Sept. 27, 2011) (citing *E.R. Squibb & Sons, Inc. v. Lloyd's & Co*., 241 F.3d 154, 177 (2d Cir. 2011)). "The controversy must be 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Olin Corp. v. Consol. Aluminum Corp*., 5 F.3d 10, 17 (2d Cir. 1993) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)). A review of the allegations here suggests that Plaintiff is using this action to obtain a prophylactic determination as to his rights vis-à-vis the Partnership Agreement in absence of any controversy in the face of conduct by Defendant. As such, the Court directs Plaintiff to show cause as to why this action should not be dismissed sua sponte by this Court for lack of standing in the absence of a case or controversy.

## III. Plaintiff's Cross-Motion to Amend His Complaint

Plaintiff cross moves to file a second amended complaint to add claims for accounting under §§ 44 and 74 of the New York Partnership Law and under common law based on

5

Plaintiff's status as a tenant in common regarding ownership of Property.  (Mem. L. Opp'n Def.'s Mot. Dismiss & Supp. Cross-Mot. Leave File Sec. Am. Compl. ("Pl.'s Opp'n") 4, ECF No. 29; Proposed Sec. Am. Compl. ¶¶ 37-42, ECF No. 27-1.)   Defendant argues Plaintiff's motion to add three causes of action for accounting should be denied as futile as the claims would not survive a Rule 12(b)(6) motion.  (Defs.' Reply Mem. L. Supp. Mot. Dismiss Am. Compl. 4, ECF No. 33-3.)   The Court agrees.

"Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).  "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim[.]"  *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

In the proposed second amended complaint, Plaintiff alleges he is "entitled to an accounting regarding the Property" under New York Partnership Law §§ 44 and 74, and common law.  However, Plaintiff's proposed second amended complaint fails to allege any facts to suggest his right to accounting has been triggered under either New York Partnership Law or his right to accounting exists under New York common law.  *See* N.Y. P'ship Law § 44 (McKinney) ("Any partner shall have the right to a formal account as to partnership affairs: 1. If he is wrongfully excluded from the partnership business or possession of its property by his copartners, 2. If the right exists under the terms of any agreement, 3. As provided by section forty-three, 4. Whenever other circumstances render it just and reasonable."); N.Y. P'ship Law § 74 (McKinney) ("The right to an account of his interest shall accrue to any partner, or his legal

6

representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of agreement to the contrary."); *Sriraman v. Patel*, 761 F. Supp. 2d 7, 17 (E.D.N.Y.), *amended*, 761 F. Supp. 2d 23 (E.D.N.Y. 2011) ("Under New York law, as well as equity practice in most other common law jurisdictions, an action for an accounting is a two-step process. The first step is to establish the right to an accounting. This requires the plaintiff initially to establish that he and the defendant had a fiduciary or trust-based relationship concerning the general subject matter of the controversy." (internal citations omitted).)  Accordingly, the Court finds that an amendment to include these claims would be futile.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, in part. Plaintiff's claim for rescission against Defendant Esposito is dismissed. It is ORDERED that Plaintiff show cause, by April 9, 2021 as to why this claim against Defendant Gosin should not be dismissed for the same reasons set forth in this memorandum and order.  It is also ORDERED that Plaintiff show cause, by April 9, 2021 as to why Plaintiff's request for declaratory judgment as to both Defendants, should not be dismissed sua sponte by this Court.  Defendant's reply, if any, shall be filed by April 23, 2021.  Plaintiff's cross-motion to amend its complaint is DENIED.

SO ORDERED.

Dated:  Brooklyn, New York
      March 26, 2020

/s/ LDH
L<small>A</small>S<small>HANN</small> D<small>E</small>A<small>RCY</small> H<small>ALL</small>
United States District Judge

7